UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN M. ERICKSON, | Case No.  2:20-cv-02123-JDP (SS) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S CROSS-MOTION FOR SUMMARY JUDGMENT |
| v. | |
| KILOLO KIJAKZI, Acting Commissioner of Social Security | ECF Nos. 15 & 17 |
| Defendant. | |

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and XVI of the Social Security Act. Both parties have moved for summary judgment.[1] ECF Nos. 15 & 17. The court grants plaintiff's motion for summary judgment, denies Commissioner's motion, and remands this matter for further administrative proceedings.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards were applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir.

---

[1] The Commissioner filed a pleading styled as an opposition to plaintiff's motion for summary judgment, ECF No. 17, which I construe as a cross-motion for summary judgment.

1

2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

Plaintiff filed an application for DIB and SSI, alleging disability beginning April 30, 2019. Administrative Record ("AR") 346-358. After her application was denied initially and upon reconsideration, plaintiff appeared and testified at a hearing before an ALJ. AR 104-47, 150-59. On March 30, 2020, another ALJ issued a decision finding that plaintiff was not disabled. AR 12-27. Specifically, the ALJ found that:

> 1. The claimant has not engaged in substantial gainful activity since April 30, 2009, the alleged onset date.

2. The claimant has the following severe impairments: Sjogren's disorder; fibromyalgia; major depressive disorder; panic disorder; and posttraumatic stress disorder.

\* \* \*

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

\* \* \*

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except frequent ramps, stairs, ladders, ropes & scaffolds, balancing, stooping, kneeling, crouching & crawling. She can do work involving occasional public interaction, would be off task 10% of the time, and no decision making except for the very simplest routine work.

\* \* \*

5. The claimant is unable to perform any past relevant work.

\* \* \*

6. The claimant was born [in] 1973 and was 35 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

7. The claimant has at least a high school education and is able to communicate in English.

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

\* \* \*

10. The claimant has not been under a disability, as defined in the

1
2
        Social Security Act, from April 30, 2009, through the date of this decision.

AR 15-27 (citations to the code of regulations omitted).

    Plaintiff requested review by the Appeals Council, which denied the request. She now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## Analysis

    Plaintiff advances three primary arguments. First, she argues that the ALJ erred in weighing the medical opinion evidence. ECF No. 15-1 at 13. Second, she argues that the ALJ improperly discounted her testimony with respect to her fibromyalgia and mental health disorders. *Id.* at 19. Third, she contends that the ALJ's step-five finding is not supported by substantial evidence. *Id.* at 23. I agree that the ALJ committed reversable error by discounting plaintiff's symptom testimony. Because the error requires that this case be remanded for further administrative proceedings, I decline to address plaintiff's remaining arguments.

    "[O]nce a claimant produces objective medical evidence of an underlying impairment, an [ALJ] may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). If an ALJ finds a plaintiff's pain testimony not credible, the ALJ "must specifically make findings that support this conclusion," and the findings "must be sufficiently specific to allow a reviewing court to conclude the [ALJ] rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit [the] claimant's testimony." *Id.* (internal quotation marks omitted). "If there is no affirmative evidence that the claimant is malingering, the ALJ must provide clear and convincing reasons for rejecting the claimant's testimony regarding the severity of symptoms." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)); *see also Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021) (noting that an ALJ can reject a plaintiff's testimony about the severity of symptoms only by offering specific, clear, and convincing reasons).

    Plaintiff testified that she struggles with depression, anxiety, and pain. AR 46-47, 54.

1   She explained that her depression typically causes her to have "two good days a month" and she
2   recounted times when she would stay in bed for anywhere from two to eight days because of her
3   depression. AR 50-51. She explained that her depression caused her to "not mentally [be] there
4   for [her] son" and that she did not feel like she was able to be "mom" because she's always sick.
5   AR 52. She testified that she has anxiety going to the store and takes her son with her for
6   support. AR 64-66. Plaintiff further testified that her hands hurt and go numb. AR 76.

7         The ALJ found that plaintiff's testimony was inconsistent with her conservative treatment,
8   her reported improvement with medication, her daily activities, and the objective medical
9   evidence. None of these reasons is legally sufficient.

10        With respect to the first reason, the ALJ noted that plaintiff's treatment included
11  "prescribed physical therapy, topical analgesics, psychotherapy, psychoeducation, and prescribed
12  medicine." *Id.* AR 392. The ALJ, however, provided no explanation for why she deemed this
13  treatment "conservative." The record reflects that in addition to physical and psychotherapy,
14  plaintiff has tried numerous medications, including Lorazepam, Clonazepam, Hydroxyzine,
15  Latuda, Effexor, Acetaminophen-Codeine, Zoloft, Cymbalta, Celexa, Gabapentin, Duloxetine,
16  and several others. *See, e.g.*, AR 587, 848, 1137, 1163. Given the various medications that she
17  has been prescribed for her fibromyalgia and mental health disorders, plaintiff's treatment cannot
18  be fairly characterized as conservative. *See Wyatt v. Colvin*, 2016 WL 6102335, at *6 (C.D. Cal.
19  Oct. 19, 2016) ("[A] mental health medication regimen, involving numerous variations of
20  medications and treatment and spanning multiple years is not fairly characterized as 'conservative
21  care.'"). More significantly, the ALJ did not identify more "aggressive" treatments that plaintiff
22  could have pursued for her medical conditions. *See Lapeirre-Gutt v. Astrue*, 382 F. App'x 662,
23  664 (9th Cir. 2010) (holding that an ALJ errs in relying on conservative treatment if "the record
24  does not reflect that more aggressive treatment options are appropriate or available. A claimant
25  cannot be discredited for failing to pursue non-conservative treatment options where none
26  exist."); *see also Chavez v. Colvin*, No. ED CV-12-1771-PJW, 2014 WL 1289778, at *5 (C.D.
27  Cal. Mar. 31, 2014) (finding error where the ALJ did not specify what evidence in the record
28  suggested that the plaintiff's fibromyalgia treatment was conservative, as opposed to some other

more aggressive treatment used to treat the disease, which she refused); *Moon v. Colvin*, 139 F. Supp. 3d 1211, 1220 (D. Or. 2015) ("[T]he fact that treatment may be routine or conservative is not a basis for finding subjective symptom testimony unreliable absent discussion of the additional, more aggressive treatment options the ALJ believes are available.").

The ALJ also improperly discounted plaintiff's subjective complaints based on a purported improvement with treatment. In concluding that plaintiff's symptoms improved with medication, the ALJ cited five medical records, none of which demonstrate significant improvement. AR 22. The first is a dermatology treatment note indicating that plaintiff's skin condition improved with triamcinolone (a skin cream) and Sarna Original (an anti-itch lotion). AR 618. But improvement in plaintiff's skin condition has no bearing on her testimony that she has depression, anxiety, and pain.

The ALJ also cited to two treatment notes from June 2009 documenting plaintiff's reports that her medication "worked well" and that there was improvement in her mood and ability to sleep. AR 900-01. However, those records also state that plaintiff had poor coping skills and continued to experience daily anxiety. AR 901. Likewise, the February 2016 psychiatric assessment cited by the ALJ does not reflect significant improvement in her symptoms. AR 861. Instead, it notes that plaintiff had only partial improvement since restarting medication but continued to have difficulty with depression, anxiety, irritability, and sleep disturbances. AR 861. Finally, the ALJ relied on a March 2017 record showing that plaintiff was compliant with her medication and "feeling better." AR 657. However, that record also reflects that she had difficulty maintaining focus, tired easily, and continued to take frequent naps. *Id*. A mental examination showed that her speech was over-productive, especially when she was anxious; her thought process was circumstantial; her mood was low with congruent affect; and she cried during the appointment. *Id*. These records, although noting some improvement with medication, are not inconsistent with plaintiff's testimony about ongoing issues with depression and anxiety. *See Scott v. Astrue*, 647 F.3d 734, 739-40 (7th Cir. 2011) (holding that an ALJ is not permitted to "'cherry pick' from . . . mixed results to support a denial of benefits").

More fundamentally, the ALJ's reliance on isolated references to improvement ignores the

nature of plaintiff's impairments. Fibromyalgia is "a rheumatic disease that causes inflammation of the fibrous connective tissue components of muscles, tendons, ligaments, and other tissue," and typical symptoms include "chronic pain throughout the body, multiple tender points, fatigue, stiffness, and a pattern of sleep disturbance that can exacerbate the cycle of pain and fatigue." *See Benecke v. Barnhart*, 379 F.3d 587, 589-90 (9th Cir. 2004). Its "cause is unknown, there is no cure, and it is poorly-understood within much of the medical community." *Id.* Due to the nature of this disease, "symptoms of fibromyalgia 'wax and wane,' and . . . a person may have 'bad days and good days.'" *See Revels v. Berryhill*, 874 F.3d 648, 657 (9th Cir. 2017). With respect to mental health issues, "[c]ycles of improvement and debilitating symptoms are a common occurrence," and reported "'improvements' in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014); *see Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace."). Here, the ALJ improperly focused on isolated indications of limited improvement without adequate consideration of the numerous records showing that plaintiff's symptoms persisted. *See, e.g.*, AR 481-82, 701-03, 710, 732, 870, 1019; *see also Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (finding that it was error for an ALJ to ignore or misstate the competent evidence in the record to justify her conclusion).

Second, the ALJ concluded that plaintiff's subjective complaints were inconsistent with her daily activities. AR 22. The ALJ noted that plaintiff "walk[s] for exercise" and that her hobbies included yard work and raising chickens. *Id*. But plaintiff's ability to walk for exercise does not undermine her subjective complaints about her fibromyalgia, anxiety, and depression. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (holding that certain activities, such as limited walking for exercise, does not detract from a plaintiff's credibility as to her overall disability). Plaintiff was instructed by her doctors to exercise to help with her symptoms. *See* AR 486, 597, 1165. I am not convinced that plaintiff's apparent compliance with this instruction is

1  reason to consider her complaints suspect.

2  Furthermore, the record does not support the ALJ's finding that plaintiff's testimony is
3  inconsistent with her purported ability to care for chickens and to perform yard work. The record,
4  which spans more than 1,200 pages, contains only a single reference to these activities. In a
5  December 2018 questionnaire, plaintiff stated, "I used to like to raise chickens, I like yard work."
6  AR 1108. This vague statement does not undermine her subjective complaints; it may in fact
7  suggest that she no longer raises chickens. While the statement shows an ability to perform some
8  level of yard work, the record neither reflects how often she performs that activity nor provides
9  any details about what she does. Absent such information, there is no basis to find plaintiff's
10 activities inconsistent with her reported symptoms. *See Trevizo v. Berryhill*, 871 F.3d 664, 676
11 (9th Cir. 2019) ("Though the ALJ repeatedly pointed to Trevizo's responsibilities caring for her
12 young adoptive children as a reason for rejecting her disability claim, the record provides no
13 details as to what Trevizo's regular childcare activities involved. . . . Absent specific details about
14 Trevizo's childcare responsibilities, those tasks cannot constitute 'substantial evidence'
15 inconsistent with Dr. Galhotra's informed opinion, and thus the ALJ improperly relied on
16 Trevizo's childcare activities to reject the treating physician opinion.").

17 Finally, the ALJ concluded that the objective medical evidence does not support the
18 severity of plaintiff's allegations. That reason alone, even if supported by the record, cannot
19 support the ALJ's rejection of plaintiff's subjective complaints. *See Moisa v. Barnhart*, 367 F.3d
20 882, 885 (9th Cir. 2004) ("[A]n ALJ may not reject a claimant's subjective complaints based
21 solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain.").

22 Accordingly, the ALJ erred in rejecting plaintiff's testimony about her symptoms. The
23 matter must therefore be remanded for further consideration. *See Dominguez v. Colvin*, 808 F.3d
24 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of
25 Social Security, with or without remanding the case for a rehearing, but the proper course, except
26 in rare circumstances, is to remand to the agency for additional investigation or explanation.")
27 (internal quotes and citations omitted).

28 Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 15, is granted.

2. The Commissioner's cross-motion for summary judgment, ECF No. 17, is denied.

3. The matter is remanded for further proceedings.

4. The Clerk of Court is directed to enter judgment in plaintiff's favor.

IT IS SO ORDERED.

Dated:   September 28, 2022     _____
  JEREMY D. PETERSON
  UNITED STATES MAGISTRATE JUDGE